AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of:<br><br>a black LG Nexus cellular telephone,<br>with a number of (414) 388-6910 | )<br>)<br>) Case No. 17-M-1200<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B

The basis for the search under Fed. R. Crim P. 41(c) is:
- ■ evidence of a crime;
- ■ contraband, fruits of crime, or other items illegally possessed;
- ■ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: 18 U.S.C. § 1951 and 18 U.S.C § 924(c)

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO Matthew Gibson, FBI
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: 2/1/17

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin          Honorable William E. Duffin, U.S. Magistrate Judge
*Printed Name and Title*

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, Matthew Gibson, being first duly sworn on oath, on information and belief state:

**I. INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:**

1. I am currently assigned to the Milwaukee FBI Violent Crime Task Force as a Deputized Federal Task Force Officer. I was a Special Agent with the Federal Bureau of Investigation for over 23 years and have been an Investigator with the Milwaukee County District Attorney's Office since June, 2015. I have participated in numerous complex narcotics, money laundering, violent crime, armed bank robbery, and armed commercial robbery investigations.

2. I make this affidavit in support of an application for a warrant to search an LG Nexus cellular telephone, serial number 5911650, IMEI 358239052605120, used by Devon Howard, and currently in possession of the FBI (the "Subject Phone"), as further described in Attachment A, for evidence, as described in Attachment B, related to violations of Title 18, United States Code, Section 1951 (the "Subject Offense").

3. This affidavit is based upon my personal knowledge and information reported to me by other federal, state, and local law enforcement officers. Because this affidavit is submitted for the limited purpose of obtaining a warrant to search the Subject Phone, I have not included every fact known to me concerning this investigation. Instead, I have only set forth facts that I believe are sufficient to establish probable cause to believe the Subject Offense has been violated and evidence concerning those violations is present and will be found on the Subject Phone.

**II. PROBABLE CAUSE**

4. On or about April 7, 2015, Howard was indicted by a Grand Jury with the conspiracy to commit armed robbery and multiple armed robberies in violation of 18 U.S.C. § 1951 and 18 U.S.C § 924(c).

5. The Subject Phone was originally searched in April 2014 by a forensic examiner at the FBI. Evidence of armed robbery conspiracy was found on the phone, including searches for cell phone stores around southeastern Wisconsin and text messages discussing selling iPhones on the day a store was robbed. The forensic examiner recently indicated that the programs currently used to extract data from the Subject Phone may be able to recover additional information including the time and date of web searches and other data which previous programs were unable to extract.

### III. TECHNICAL TERMS

6. Based on my training and experience, I use the following technical terms to convey the following meanings:

>  a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

### IV. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

7. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period

2

of time on the Devices. This information can sometimes be recovered with forensics tools.

8. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

9. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

10. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V. CONCLUSION

11. Based upon the aforementioned, I submit there is probable cause to believe that the black LG Nexus cellular telephone, number (414) 388-6910, seized following the arrest of Devon Howard on April 4, 2014, may contain additional evidence related to charged offenses.

3

## ATTACHMENT A

## DESCRIPTION OF ITEMS TO BE SEARCHED

The following property is to be searched:

**A black LG Nexus cellular telephone, with a number of (414) 388-6910**

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

4

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Section 1951 (Hobbs Act robbery), and Title 18, United States Code, Section 924(c) (Use of Firearm during Crime of Violence) involving Devon Howard, which was in active memory of the Device, to include:

   a. Any information related to the possession or sale of cellular telephones or other electronic devices;

   b. any information related to possession of firearms (including photographs, text messages, emails, or any other communication information);

   c. any information related to the accruing of robbery proceeds (including photographs, text messages, emails, or any other communication information);

   d. any information recording the subjects' schedule or travel;

   e. any web search information related to the offenses described above;

   f. photographs of locations evidencing pre-robbery surveillance;

   g. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   h. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the information described in this warrant was created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.